UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| In the Matter of: | Chapter 11 |
| LEGACY ENTERPRISES OF NORTH AMERICA, LTD | Case No.: 24-03477-5-JNC |
|     Debtor | |

## MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE

COMES NOW Legacy Enterprises of North America, LTD ("Debtor"), by and through undersigned counsel, and hereby moves the court for an order, pursuant to 11 U.S.C. §§ 541 and 542, directing R1 Truck Repair Inc.("R1"), to turn over personal property owned by Debtor, and in support thereof, respectfully shows unto the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

2. On or about October 4, 2024, Debtor filed its Voluntary Petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date"). Joseph Frost was duly appointed Subchapter V Trustee and continues to serve in that capacity.

3. Included on the Debtor's Schedule A/B are five 2017 Freightliner trucks:

    VIN 3AKJGLDR6HDHN5808,

    VIN 3AKJGLDR4HDHN5810,

    VIN 3AKJGLDR8HDHN5812,

    VIN 3AKJGDR7HSHU4067, and

    VIN 3AKJGLDR8HSHU4059

(the Freightliner trucks with VINs ending in 5808, 5810, 5812, 4067, and 4059 may be referred to collectively hereinafter as the "Trucks").

4. On the Petition Debtor, Debtor estimated that the Trucks have a combined value of $115,000.00.

5. On October 8, 2024, BMO Harris Bank ("BMO") filed a secured claim [Clm. No. 1] in the amount of $47,517.99 asserting a lien on trucks ending in VIN Nos. 4067 and 4059.

6. On October 22, 2024 Huntington National Bank ("Huntington") filed a secured claim in the amount of $292,415.81, asserting a lien on trucks ending in VIN Nos. 5808, 5810, 5812 (and other trucks also). [Clm. No. 3]

7. Pre-petition, the Trucks were being garaged at a facility known as R1 Truck Repair Inc. ("R1") located in Broadview, Illinois.

8. On the Petition Date, Debtor scheduled an amount owed to R1 of $40,000.00.

9. On October 31, 2024, Debtor filed its Amendments to Schedule E/F – Unsecured Creditors, which *inter alia*, amends the scheduled amount owed to R1 to include that such is "Disputed." [Doc. No. 21, p. 1, 5]

10. As of the filing of this Motion, R1 has not filed a proof of claim.

11. Debtor has requested turnover of the Trucks from R1, and R1 has refused to turnover the Trucks, instead, stating that Huntington took possession of the Trucks from R1.

12. Debtor has requested to be informed of where the Trucks are located but has received no response from R1 other than that Huntington took possession of the Trucks.

13. Huntington's counsel has informed Debtor's counsel that Huntington does not have possession of the Trucks.

14. Huntington's counsel also informed Debtor's counsel that Huntington contacted R1 via phone to try and locate the Trucks, and R1 denied knowing anything about the Trucks and intentionally disconnected the call.

15. David Faulk, President of Debtor, ("Mr. Faulk") visited the R1 site and personally viewed the following Trucks at R1: 5808; 5810; and 5812.  Mr. Faulk also observed 4059 being operated by a driver working for a company affiliated with R1.

16. Upon information and belief, R1 has possession of the Trucks and is attempting to conceal them from Debtor in order to retain possession of the Trucks due to Debtor owing R1 a pre-

petition debt.

17.     Debtor relies on the Trucks to operate its trucking business. If Debtor had possession of the Trucks, it would utilize them to generate funds to pay debts.

18.     Further, the Trucks are property of Debtor and the bankruptcy estate necessitating their immediate turnover.

WHEREFORE, Debtor prays for the following relief:

1.     For an Order directing R1 Truck Repair Inc. to immediately turnover the Trucks, to Debtor; and,

2.     For such other and further relief as the court may deem just and proper.

This the 20th day of November, 2024.

                                                             <u>s/George Mason Oliver</u>  
                                                             GEORGE MASON OLIVER  
                                                             N.C. State Bar No. 26587  
                                                             THE LAW OFFICES OF  
                                                             OLIVER & CHEEK, PLLC  
                                                             PO Box 1548  
                                                             New Bern, NC 28563  
                                                             (252) 633-1930  
                                                             (252) 633-1950 (fax)  
                                                             Email: george@olivercheek.com  
                                                             *Attorney for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **LEGACY ENTERPRISES OF** | **Case No.: 24-03477-5-JNC** |
| **NORTH AMERICA, LTD** | |
|     **Debtor** | |

**NOTICE OF MOTION FOR TURNOVER OF**
**PROPERTY OF THE BANKRUPTCY ESTATE**

    **NOTICE IS HEREBY GIVEN** of the MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE (the "Motion") filed simultaneously herewith by the attorneys for Legacy Enterprises of North America, LTD, in the above-captioned case; and,

    **FURTHER NOTICE IS HEREBY GIVEN**, that this Motion may be allowed provided no response and request for a hearing is made by Debtor or other party in interest in writing to the clerk of this court within FOURTEEN (14) DAYS of the date of this Notice; and,

    **FURTHER NOTICE IS HEREBY GIVEN**, that if a response and a request for hearing is filed by Debtor or other party in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the court may rule on the Motion and response thereto <u>ex parte</u> without further notice. Any party filing a response requesting a hearing, shall appear at said hearing or they may be taxed with court costs.

    This, the 20th day of November, 2024.

<u>s/George Mason Oliver</u>
GEORGE MASON OLIVER
N.C. State Bar No. 26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
(252) 633-1930
(252) 633-1950 (fax)
Email: george@olivercheek.com
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

I, George Mason Oliver, Post Office Box 1548, New Bern, North Carolina 28563, certify:

That I am at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 20th day of November, 2024, I served copies of the foregoing pleading on the parties listed below via CM/ECF or by U.S. Mail, First Class, sufficient postage prepaid, as indicated; and

I certify under penalty of perjury that the foregoing is true and correct.

This, the 20th day of November, 2024.

                                                                   s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
(252) 633-1930
(252) 633-1950 (fax)
Email: george@olivercheek.com
*Attorney for Debtor*

cc:
| | |
|---|---|
| Bankruptcy Administrator | (via CM/ECF) |
| Joseph Z. Frost<br>*Subchapter V Trustee* | (via CM/ECF) |
| Legacy Enterprises of North America, LTD<br>809 Taylor Street<br>Windsor, NC 27983<br>*Debtor* | (via U.S. Mail) |

R1
Attn: Managing Agent
2717 S 13th Avenue
Broadview, IL 60706
*Creditor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| In the Matter of: | Chapter 11 |
| LEGACY ENTERPRISES OF NORTH AMERICA, LTD | Case No.: 24-03477-5-JNC |
|     Debtor | |

**ORGER GRANTING MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE**

THIS MATTER, coming on to be heard before the assigned Bankruptcy Judge, upon Debtor's Motion For Turnover of Property of the Bankruptcy Estate ("Motion"); and it appearing to the Court that proper notice was provided to the parties in interest, and no objections having been filed; and it further appearing that sufficient cause has been shown; therefore, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334.

   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

2. On or about October 4, 2024, Debtor filed its Voluntary Petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date"). Joseph Frost was duly appointed Subchapter V Trustee and continues to serve in that capacity.

3. Included on the Debtor's Schedule A/B are five 2017 Freightliner trucks:

   VIN 3AKJGLDR6HDHN5808,

   VIN 3AKJGLDR4HDHN5810,

   VIN 3AKJGLDR8HDHN5812,

   VIN 3AKJGDR7HSHU4067, and

   VIN 3AKJGLDR8HSHU4059

   (the Freightliner trucks with VINs ending in 5810, 5808, 582, 4067, and 4059 may be referred to collectively hereinafter as the "Trucks").

4. On the Petition Debtor, Debtor estimated that the Trucks combined value was $110,000.00.

5. On October 8, 2024, BMO Harris Bank ("BMO") filed a secured claim [Clm. No. 1] in the amount of $47,517.99 asserting a lien on trucks ending in VIN Nos. 4067 and 4059.

6. On October 22, 2024 Hunting National Bank ("Huntington") filed a secured claim in the amount of $292,415.81, asserting a lien on trucks ending in VIN Nos. 5808, 5810, 5812. [Clm. No. 3]

7. Pre-petition Debtor's Trucks were being garaged at a facility known as R1 Truck Repair Inc. ("R1") located in Broadview, Illinois.

8. On the Petition Date, Debtor scheduled an amount owed to R1 of $40,000.00.

9. On October 31, 2024, Debtor filed its Amendments to Schedule E/F – Unsecured Creditors, which *inter alia*, amends the scheduled amount owed to R1 to include that such is "Disputed." [Doc. No. 21, p. 1, 5]

10. As of the filing of this Motion, R1 has not filed a proof of claim.

11. Debtor has repeatedly requested turnover of the Trucks from R1, and R1 has refused to turnover the Trucks, instead, stating that Huntington took possession of the Trucks from R1.

12. Debtor has requested to be informed of where the Trucks are located but has received no response from R1 other than that Huntington took possession of the Trucks.

13. Huntington's counsel has informed Debtor's counsel that Huntington does not have possession of the Trucks.

14. Huntington's counsel also informed Debtor's counsel that Huntington contacted R1 via phone to try and locate the Trucks, and R1 denied knowing anything about the Trucks and intentionally disconnected the call.

15. David Faulk, President of Debtor, ("Mr. Faulk") visited the R1 site and personally viewed the following Trucks at R1: 5808; 5810; and 5812.  Mr. Faulk also observed 4059 being operated by a driver working for a company affiliated with R1.

16. Upon information and belief, R1 has possession of the Trucks and is attempting to conceal them from Debtor in order to retain possession of the Trucks due to Debtor owing R1 a pre-

petition debt.

17. Debtor relies on the Trucks to operate its trucking business. If Debtor had possession of the Trucks, it would utilize them to generate funds to pay debts.

18. Further, the Trucks are property of Debtor and the bankruptcy estate necessitating their immediate turnover.

IT IS HEREBY ORDERED that the Debtor's Motion is GRANTED and that R1 shall immediately turnover the Trucks to Debtor.

"End of Document"