UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

In the Matter of:                                             Chapter 11
LEGACY ENTERPRISES OF               Case No.: 24-03477-5-JNC
NORTH AMERICA, LTD
    Debtor

## MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE

COMES NOW Legacy Enterprises of North America, LTD ("Debtor"), by and through undersigned counsel, and hereby moves the court for an order, pursuant to 11 U.S.C. §§ 541 and 542, directing The Garage ("Garage") to turn over personal property owned by Debtor, and in support thereof, respectfully shows unto the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

2. On or about October 4, 2024, Debtor filed its Voluntary Petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date"). Joseph Frost was duly appointed Subchapter V Trustee and continues to serve in that capacity.

3. Included on the Debtor's Schedule A/B is a 2017 Freightliner truck bearing VIN 3AKJGLDRXHDHN5813 (the "Truck").

4. On the Petition Debtor, Debtor estimated that the Truck has a value of $15,000.00.

5. On October 22, 2024 Huntington National Bank ("Huntington") filed a secured claim in the amount of $292,415.81, asserting a lien on the Truck (among others). [Clm. No. 3]

6. Pre-petition, the Truck was being garaged at ("Garage") located in Memphis, Tennessee.

7. Debtor disputes how Garage came into possession of the Truck.

8. On the Petition Date, Debtor scheduled an amount owed to Garage of $8,995.00.

9. On October 31, 2024, Debtor filed its Amendments to Schedule E/F – Unsecured

Creditors, which *inter alia*, amends the scheduled amount owed to Garage to include that such is "Disputed." [Doc. No. 21, p. 1, 6]

10. As of the filing of this Motion, Garage has not filed a proof of claim.

11. Debtor's counsel spoke with a representative of Garage on November 14, 2024, Mr. Keon Jackson ("Mr. Jackson"). Mr. Jackson reported that Garage had sold Truck to an unnamed person several months ago and had determined that the unnamed person had committed a fraud on Garage through that sale. Reportedly, the unnamed person provided a false check, and the location of the Truck was unknown. According to Mr. Jackson, Garage has not reported Truck stolen. According to Mr. Jackson, Garage did not correctly follow the steps to sell the Truck. Debtor's counsel requested all documentation related to the Truck and the supposed "sale," and was told that Mr. Jackson would email it to Debtor's counsel. Counsel sent a follow up email request, and left a voicemail for Mr. Jackson, on November 18, 2024. Counsel received an email from Mr. Jackson on November 18, 2024 which contained some information, but not all. Counsel sent another email to Mr. Jackson on November 19, 2024, asking for all additional documentation. Mr. Jackson has not responded to Debtor's counsel's November 19, 2024 email.

12. Debtor disputes the storage, any alleged repairs, and the purported sale of the Truck by Garage.

13. If Debtor is able to regain possession of the Truck, it would be utilized to generate funds to pay debts.

14. Further, the Truck is property of Debtor and the bankruptcy estate necessitating its immediate turnover.

WHEREFORE, Debtor prays for the following relief:

1. For an Order directing The Garage to immediately turnover the Truck, to Debtor; and,

2. For such other and further relief as the court may deem just and proper.

This the 25th day of November, 2023.

s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
THE LAW OFFICES OF

OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
(252) 633-1930
(252) 633-1950 (fax)
Email: george@olivercheek.com
*Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **LEGACY ENTERPRISES OF** | **Case No.: 24-03477-5-JNC** |
| **NORTH AMERICA, LTD** | |
| **Debtor** | |

## NOTICE OF MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE

**NOTICE IS HEREBY GIVEN** of the MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE (the "Motion") filed simultaneously herewith by the attorneys for Legacy Enterprises of North America, LTD, in the above-captioned case; and,

**FURTHER NOTICE IS HEREBY GIVEN**, that this Motion may be allowed provided no response and request for a hearing is made by Debtor or other party in interest in writing to the clerk of this court within FOURTEEN (14) DAYS of the date of this Notice; and,

**FURTHER NOTICE IS HEREBY GIVEN**, that if a response and a request for hearing is filed by Debtor or other party in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the court may rule on the Motion and response thereto ex parte without further notice. Any party filing a response requesting a hearing, shall appear at said hearing or they may be taxed with court costs.

This, the 25th day of November, 2023.

s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
(252) 633-1930
(252) 633-1950 (fax)
Email: george@olivercheek.com
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

I, George Mason Oliver, Post Office Box 1548, New Bern, North Carolina 28563, certify:

That I am at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 25th day of November, 2024, I served copies of the foregoing pleading on the parties listed below via CM/ECF or by U.S. Mail, First Class, sufficient postage prepaid, as indicated; and

I certify under penalty of perjury that the foregoing is true and correct.

This, the 25th day of November, 2024.

s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
(252) 633-1930
(252) 633-1950 (fax)
Email: george@olivercheek.com
*Attorney for Debtor*

cc:
| | |
|---|---|
| Bankruptcy Administrator | (via CM/ECF) |
| Joseph Z. Frost<br>*Subchapter V Trustee* | (via CM/ECF) |
| Legacy Enterprises of<br>North America, LTD<br>809 Taylor Street<br>Windsor, NC 27983<br>*Debtor* | (via U.S. Mail) |
| The Garage<br>Attn: Managing Agent<br>2174 Lama Avenue<br>Memphis, TN 38114<br>*Creditor* | (via U.S. Mail) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

In the Matter of:                                                    Chapter 11
LEGACY ENTERPRISES OF                                   Case No.: 24-03477-5-JNC
NORTH AMERICA, LTD
    Debtor

### ORGER GRANTING MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE

THIS MATTER, coming on to be heard before the assigned Bankruptcy Judge, upon Debtor's Motion For Turnover of Property of the Bankruptcy Estate ("Motion"); and it appearing to the Court that proper notice was provided to the parties in interest, and no objections having been filed; and it further appearing that sufficient cause has been shown; therefore, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

2.    On or about October 4, 2024, Debtor filed its Voluntary Petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date").  Joseph Frost was duly appointed Subchapter V Trustee and continues to serve in that capacity.

3.    Included on the Debtor's Schedule A/B is a 2017 Freightliner truck bearing VIN 3AKJGLDRXHDHN5813 (the "Truck").

4.    On the Petition Debtor, Debtor estimated that the Truck has a value of $15,000.00.

5.    On October 22, 2024 Huntington National Bank ("Huntington") filed a secured

claim in the amount of $292,415.81, asserting a lien on the Truck (among others). [Clm. No. 3]

6. Pre-petition, the Truck was being garaged at ("Garage") located in Memphis, Tennessee.

7. Debtor disputes how Garage came into possession of the Truck.

8. On the Petition Date, Debtor scheduled an amount owed to Garage of $8,995.00.

9. On October 31, 2024, Debtor filed its Amendments to Schedule E/F – Unsecured Creditors, which *inter alia*, amends the scheduled amount owed to Garage to include that such is "Disputed." [Doc. No. 21, p. 1, 6]

10. As of the filing of this Motion, Garage has not filed a proof of claim.

11. Debtor's counsel spoke with a representative of Garage on November 14, 2024, Mr. Keon Jackson ("Mr. Jackson"). Mr. Jackson reported that Garage had sold Truck to an unnamed person several months ago and had determined that the unnamed person had committed a fraud on Garage through that sale. Reportedly, the unnamed person provided a false check, and the location of the Truck was unknown. According to Mr. Jackson, Garage has not reported Truck stolen. According to Mr. Jackson, Garage did not correctly follow the steps to sell the Truck. Debtor's counsel requested all documentation related to the Truck and the supposed "sale," and was told that Mr. Jackson would email it to Debtor's counsel. Counsel sent a follow up email request, and left a voicemail for Mr. Jackson, on November 18, 2024. Counsel received an email from Mr. Jackson on November 18, 2024 which contained some information, but not all. Counsel sent another email to Mr. Jackson on November 19, 2024, asking for all additional documentation. Mr. Jackson has not responded to Debtor's counsel's November 19, 2024 email.

12. Debtor disputes the storage, any alleged repairs, and the purported sale of the Truck by Garage.

13. If Debtor is able to regain possession of the Truck, it would be utilized to generate funds to pay debts.

14. Further, the Truck is property of Debtor and the bankruptcy estate necessitating its immediate turnover.

IT IS HEREBY ORDERED that the Debtor's Motion is GRANTED and that The Garage shall immediately turnover the Truck to Debtor.

"End of Document"