**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| In the Matter of: | Chapter 11 |
| LEGACY ENTERPRISES OF NORTH AMERICA, LTD | Case No.: 24-03477-5-JNC |
|     Debtor | |

**MOTION FOR ORDER DIRECTING**
**THE GARAGE, LLC**
**TO APPEAR AND SHOW CAUSE**

    NOW COMES Legacy Enterprises of North America, LTD ("Debtor") by and through undersigned counsel of record, and respectfully requests that the Court enter an order directing The Garage, LLC ("Garage"), to appear and show cause as to why it should not be found in contempt or otherwise sanctioned. In support of this Motion, Debtor shows unto the court the following:

    1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 151, 157, and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

    2.    On or about October 4, 2024, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") [Doc. No. 1].

    3.    Garage was served with the Petition.

    4.    Included on the Debtor's Schedule A/B is a 2017 Freightliner truck bearing VIN 3AKJGLDRXHDHN5813 (the "Truck").

    5.    On October 22, 2024 Huntington National Bank ("Huntington") filed a secured claim in the amount of $292,415.81, asserting a lien on the Truck (among others). [Clm. No. 3]

    6.    As of this filing of this Motion, Garage has not filed a Proof of Claim.

    7.    On November 25, 2024, Debtor filed a Motion for Turnover of Property of the Bankruptcy Estate (the "Garage Turnover Motion"). [Doc. No. 35]

    8.    December 16, 2024, the Court entered its Order Granting the Garage Turnover Motion (the "Garage Turnover Order"). [Doc. No. 39]

9. The Garage Turnover Motion requests and the Garage Turnover Order orders the turnover the Truck.

10. The time in which to appeal the Garage Turnover Order has run and no appeal has been taken from this Court.

11. On information and belief Garage may have sold the Truck.

12. Garage has not provided information to Debtor regarding who Garage sold the Truck to, and has not provided information to Debtor regarding the current location of the Truck.

13. As of the date of this pleading, Garage has failed to turnover Debtor's assets in violation of the Garage Turnover Order.

14. On information and belief, Garage is withholding critical information regarding the Truck in bad faith, and/or is retaining possession of the Truck in bad faith.

15. On further information and belief, Garage is acting to deceive Debtor and this Court, by hiding these assets from Debtor, and/or withholding information regarding the Truck, and allowing others access to and use of the Truck for the benefit of Garage and or other third-parties.

16. Debtor's counsel inquired has not received any follow-up communication following his requests for additional information from Garage on November 19, 2024.

17. Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to issue orders or make any determination necessary to enforce, implement, or prevent an abuse of the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. See *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007) (holding that § 105(a) grants bankruptcy courts "broad authority . . . to take any action that is necessary or appropriate 'to prevent an abuse of process.'" (citation omitted); 11 U.S.C. § 105(a). "This includes the issuance of sanctions for violation of a court order[.]" *In re Kirkbride*, Case No. 08-00120-8-JRL, 2010 WL 4809334, at *3 (Bankr. E.D.N.C. Nov. 19, 2010) (citing *In re Adams*, 2010 WL 2721205, at *4 (Bankr. E.D.N.C. July 7, 2010) aff'd, No. 5:10-CV-340-BR (E.D.N.C. Jan. 24, 2011)).

18. Apart from § 105(a) and similar to their Article III counterparts, bankruptcy courts "enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v.*

*Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996). Pursuant to its inherent contempt powers, a bankruptcy court may sanction conduct "which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Conduct abusive of the judicial conduct includes "bad faith conduct" and "willful disobedience of a court order." *Id*. at 45-46; *see Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (emphasizing that, in addition to vexatious, wanton or oppressive conduct, bad faith conduct includes "hampering enforcement of a court order").

19. Bankruptcy courts "have inherent contempt powers in all proceedings, including bankruptcy, to 'achieve the orderly and expeditious disposition of cases.'" *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1553 (11th Cir. 1996) (citation omitted). To enforce and carry out the provisions of their orders and the Bankruptcy Code, courts have the authority to "issu[e] sanctions in the form of 'actual damages, attorney's fees, and when appropriate, punitive damages.'" *Kirkbride*, 2010 WL 4809334, at *3 (quoting In re Cherry, 247 B.R. 176,187 (Bankr. E.D. Va. 2000)); see, e.g., *Am. Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) ("Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.").

20. Garage's violations of the Court's Garage Turnover Order are egregious, diminishing the size and capacity of Debtor's trucking fleet down to one operating freightliner.

21. Garage is not in the military service.

22. Garage is not an infant, incompetent persons, or otherwise under disability.

23. There is no fair ground of doubt that that the failures Garage, detailed herein, violate the orders of this Court. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019); accord *Beckhart v. Newrez LLC*, 31 F.4th 274 (4th Cir. 2022).

24. Garage has engaged in and will continue to engage in conduct demonstrating a willful disregard for the orders of this Court.

25. Based upon the foregoing, and for the reasons set forth herein, Debtor is entitled to entry of an Order requiring Garage to appear and show cause as to why it should not be held in contempt and have sanctions imposed by the Bankruptcy Court based upon its willful, continued, and ongoing failure to comply with the terms and provisions of the Garage Turnover Order.

**WHEREFORE**, Debtor prays of the court the following:

1. That the Court enter an Order directing that Garage appear and show cause as to why it failed to comply with the Garage Turnover Order;

2. That the Court award attorney's fees to Debtor as provided by law;

3. That the costs of this action and in prosecuting this Motion to Show cause be taxed against the Garage; and

4. For such other and further relief as the court deems just and proper.

This the 6th day of January, 2025.

        The Law Offices of Oliver & Cheek, PLLC

By: s/George M. Oliver
George M. Oliver
N.C. State Bar No. 26587
Email: george@olivercheek.com
PO Box 1548
New Bern, NC  28563
Telephone: (252) 633-1930
Facsimile: (252) 633-1950
*Attorneys for the Debtor*

## **CERTIFICATE OF SERVICE**

I, George Mason Oliver, Post Office Box 1548, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 6th of January, 2025, I served copies of the foregoing Motion on the parties listed below via CM/ECF or U.S. Mail, First Class, sufficient postage pre-paid, as indicated; and

I certify under penalty of perjury that the foregoing is true and correct.

This the 6th of January, 2025.

                                                        The Law Offices of Oliver & Cheek, PLLC

                                                        By:    s/George M. Oliver
                                                                    George M. Oliver
                                                                    N.C. State Bar No. 26587
                                                                    Email:  george@olivercheek.com
                                                                    PO Box 1548
                                                                    New Bern, NC  28563
                                                                    Telephone: (252) 633-1930
                                                                    Facsimile:  (252) 633-1950
                                                                   *Attorneys for the Debtor*

To:
Bankruptcy Administrator    (via CM/ECF)

Joseph Z. Frost    (via CM/ECF)
*Sub Chapter V Trustee*

Legacy Enterprises of    (via U.S. Mail)
North America, LTD
809 Taylor Street
Windsor, NC 27983
*Debtor*

The Garage    (via U.S. Mail)
Attn: Managing Agent
2174 Lama Avenue
Memphis, TN 38114
*Creditor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **LEGACY ENTERPRISES OF NORTH AMERICA, LTD** | **Case No.: 24-03477-5-JNC** |
| Debtor | |

## ORDER GRANTING MOTION FOR ORDER DIRECTING THE GARAGE, LLC TO APPEAR AND SHOW CAUSE

THIS Matter having come before the court upon Legacy Enterprises of North America, LTD's ("Debtor") Motion for Order Directing The Garage, LLC ("Garage") to Appear and Show Cause ("Motion") and it appearing to the Court that proper notice was provided to the parties in interest, and no objections having been filed; and it further appearing that sufficient cause has been shown; therefore, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 151, 157, and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. On or about October 4, 2024, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") [Doc. No. 1].

3. Garage was served with the Petition.

4. Included on the Debtor's Schedule A/B is a 2017 Freightliner truck bearing VIN

3AKJGLDRXHDHN5813 (the "Truck").

5. On October 22, 2024 Huntington National Bank ("Huntington") filed a secured claim in the amount of $292,415.81, asserting a lien on the Truck (among others). [Clm. No. 3]

6. As of this filing of this Motion, Garage has not filed a Proof of Claim.

7. On November 25, 2024, Debtor filed a Motion for Turnover of Property of the Bankruptcy Estate (the "Garage Turnover Motion"). [Doc. No. 35]

8. December 16, 2024, the Court entered its Order Granting the Garage Turnover Motion (the "Garage Turnover Order"). [Doc. No. 39]

9. The Garage Turnover Motion requests and the Garage Turnover Order orders the turnover the Truck.

10. The time in which to appeal the Garage Turnover Order has run and no appeal has been taken from this Court.

11. On information and belief Garage may have sold the Truck.

12. Garage has not provided information to Debtor regarding who Garage sold the Truck to, and has not provided information to Debtor regarding the current location of the Truck.

13. As of the date of this pleading, Garage has failed to turnover Debtor's assets in violation of the Garage Turnover Order.

14. On information and belief, Garage is withholding critical information regarding the Truck in bad faith, and/or is retaining possession of the Truck in bad faith.

15. On further information and belief, Garage is acting to deceive Debtor and this Court, by hiding these assets from Debtor, and/or withholding information regarding the Truck, and allowing others access to and use of the Truck for the benefit of Garage and or other third-parties.

16. Debtor's counsel inquired has not received any follow-up communication following his requests for additional information from Garage on November 19, 2024.

17. Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to issue orders or make any determination necessary to enforce, implement, or prevent an abuse of the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. See *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007) (holding that § 105(a) grants bankruptcy courts "broad authority . . . to take any action that is necessary or appropriate 'to prevent an abuse of process.'" (citation

omitted); 11 U.S.C. § 105(a). "This includes the issuance of sanctions for violation of a court order[.]" *In re Kirkbride*, Case No. 08-00120-8-JRL, 2010 WL 4809334, at *3 (Bankr. E.D.N.C. Nov. 19, 2010) (citing *In re Adams*, 2010 WL 2721205, at *4 (Bankr. E.D.N.C. July 7, 2010) aff'd, No. 5:10-CV-340-BR (E.D.N.C. Jan. 24, 2011)).

18. Apart from § 105(a) and similar to their Article III counterparts, bankruptcy courts "enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996). Pursuant to its inherent contempt powers, a bankruptcy court may sanction conduct "which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Conduct abusive of the judicial conduct includes "bad faith conduct" and "willful disobedience of a court order." *Id*. at 45-46; *see Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (emphasizing that, in addition to vexatious, wanton or oppressive conduct, bad faith conduct includes "hampering enforcement of a court order").

19. Bankruptcy courts "have inherent contempt powers in all proceedings, including bankruptcy, to 'achieve the orderly and expeditious disposition of cases.'" *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1553 (11th Cir. 1996) (citation omitted). To enforce and carry out the provisions of their orders and the Bankruptcy Code, courts have the authority to "issu[e] sanctions in the form of 'actual damages, attorney's fees, and when appropriate, punitive damages.'" *Kirkbride*, 2010 WL 4809334, at *3 (quoting In re Cherry, 247 B.R. 176,187 (Bankr. E.D. Va. 2000)); see, e.g., *Am. Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) ("Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.").

20. Garage's violations of the Court's Garage Turnover Order are egregious, diminishing

the size and capacity of Debtor's trucking fleet down to one operating freightliner.

21.     Garage is not in the military service.

22.     Garage is not an infant, incompetent persons, or otherwise under disability.

23.     There is no fair ground of doubt that that the failures Garage, detailed herein, violate the orders of this Court. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019); accord *Beckhart v. Newrez LLC*, 31 F.4th 274 (4th Cir. 2022).

24.     Garage has engaged in and will continue to engage in conduct demonstrating a willful disregard for the orders of this Court.

25.     Based upon the foregoing, and for the reasons set forth herein, Debtor is entitled to entry of an Order requiring Garage to appear and show cause as to why it should not be held in contempt and have sanctions imposed by the Bankruptcy Court based upon its willful, continued, and ongoing failure to comply with the terms and provisions of the Garage Turnover Order.

**IT IS HEREBY ORDERED:**

1.     That Garage appear and show cause as to why it failed to comply with the Garage Turnover Order;

2.     That an award attorney's fees to Debtor is granted;

3.     That the costs of this action and in prosecuting this Motion to Show cause be taxed against the Possessing Parties; and

4.     That Debtor's counsel shall file with the court an affidavit of its fees and costs associated with this action and in prosecution of this Motion;

**"End of Document"**