**SO ORDERED.**

**SIGNED this 16 day of January, 2025.**



_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| **In the Matter of:** | **Chapter 11** |
| **LEGACY ENTERPRISES OF NORTH AMERICA, LTD** | **Case No.: 24-03477-5-JNC** |
| Debtor | |

### ORDER OF CONTEMPT AND DIRECTING FURTHER SHOW CAUSE

Before the court is the Order Directing The Garage, LLC ("Garage") to Appear and Show Cause (Dkt 47, the "Show Cause Order") as to why it should not be held in contempt for failing to comply with prior orders of this court, specifically including the Order Granting Motion for Turnover of Property of the Bankruptcy Estate (Dkt. 39, the "Garage Turnover Order"). That order directs Garage to return to the Debtor a 2017 Freightliner truck bearing VIN 3AKJGLDRXHDHN5813 (the "Truck") owned by Debtor and last known to be in the possession of Garage. The Show Cause Order issued based upon facts alleged in the Debtor's motion (Dkt. 45) originating from Garage's failure to acknowledge or comply with the Garage Turnover Order.

The matter was duly noticed and set for hearing on January 15, 2025 before the court in Greenville, North Carolina. When called, George Oliver, the attorney for the Debtor, and the Debtor's principal, Mr. David Faulk, appeared. No one appeared for Garage, nor had it filed a response, despite receipt of notice of the hearing and being afforded an opportunity for objection. Mr. Oliver proceeded with argument and presentation, including sworn testimony given by Mr. Faulk. Relevant exhibits were introduced into evidence. From the hearing record, and other materials subject to judicial notice, the court makes the following findings and determinations:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157. The court has jurisdiction over the Motion and related matters pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has further authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. On October 4, 2024, debtor Legacy Enterprises of North America, LTD ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") (Dkt. No. 1). Garage was duly served with a copy of the Petition.

3. The Truck is listed as an asset and property of the Debtor in its Schedule A/B. On October 22, 2024, Huntington National Bank ("Huntington") filed a secured claim in the amount of $292,415.81, asserting a lien on the Truck. (POC. No. 3.) Garage has not filed a Proof of Claim in this case, and its claim is noted by Debtor as "disputed."

4. On November 25, 2024, Debtor filed its Motion for Turnover of Property of the Bankruptcy Estate (the "Garage Turnover Motion"). (Dkt. No. 35.)

5. Garage was properly served and timely received a copy of the Garage Turnover Motion and notice of the response period, but it failed to respond or appear. On December 16, 2024, the court entered the Garage Turnover Order. Garage received a copy of the Garage Turnover Order. The time in which to appeal the Garage Turnover Order has run and no appeal has been taken.

6. Among other things, the Garage Turnover Order required that Garage turnover and return the Truck to Debtor without delay, but it has failed to do so. In his testimony, Mr. Faulk states that he has spoken with the principal of Garage, Mr. Keon Jackson, and is informed that postpetition Garage may have sold, or at least attempted to sell, the Truck to a third party.

7. Garage has not provided information regarding the current location of the Truck, if it has been sold, and if so to whom. In short, and despite the terms of the Order and the requirement that it appear at the hearing on this matter, Garage has knowingly and intentionally failed to provide information regarding the circumstances, status, and location of the Truck. It is in violation of the Garage Turnover Order.

8. Garage's actions in ignoring and violating the terms of the Garage Turnover Order are egregious, deceptive, and intentional. It has failed to act in good faith, leading to the conclusion that it is withholding information regarding the Truck and acting in a deceptive manner towards the court and the bankruptcy process.

10. Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to issue orders or make any determination necessary to enforce, implement, or prevent an abuse of the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. See *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007) (holding that § 105(a) grants bankruptcy courts "broad authority . . . to take any action that is necessary or appropriate 'to prevent an abuse of process.'" (citation

omitted); 11 U.S.C. § 105(a). "This includes the issuance of sanctions for violation of a court order[.]" *In re Kirkbride*, Case No. 08-00120-8-JRL, 2010 WL 4809334, at *3 (Bankr. E.D.N.C. Nov. 19, 2010) (citing *In re Adams*, 2010 WL 2721205, at *4 (Bankr. E.D.N.C. July 7, 2010) aff'd, No. 5:10-CV-340-BR (E.D.N.C. Jan. 24, 2011)).

11. In addition, bankruptcy courts "enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996). Bankruptcy courts "have inherent contempt powers in all proceedings, including bankruptcy, to 'achieve the orderly and expeditious disposition of cases.'" *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1553 (11th Cir. 1996) (citation omitted).

12. Pursuant to its inherent contempt powers, a bankruptcy court may sanction conduct "which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Conduct abusive of the judicial process includes "bad faith conduct" and "willful disobedience of a court order." *Id*. at 45-46; *see Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (emphasizing that, in addition to vexatious, wanton or oppressive conduct, bad faith conduct includes "hampering enforcement of a court order").

13. To enforce and carry out the provisions of their orders and the Bankruptcy Code, courts have the authority to "issu[e] sanctions in the form of 'actual damages, attorney's fees, and when appropriate, punitive damages.'" *Kirkbride*, 2010 WL 4809334, at *3 (quoting In re Cherry, 247 B.R. 176,187 (Bankr. E.D. Va. 2000)); see, e.g., *Am. Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) ("Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.").

13. No fair ground of doubt exists that the failures of Garage, as detailed herein, violate the Garage Turnover Order and other orders of this Court. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019); accord *Beckhart v. Newrez LLC*, 31 F.4th 274 (4th Cir. 2022). Garage is and subject to the imposition of sanctions based upon its knowing, willful, and ongoing failure to comply with the terms and provisions of the orders of this court including the Garage Turnover Order.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED AND DECREED:**

1. Garage is held **IN CIVIL CONTEMPT** for its intentional and continuing defiance and failure to comply with the Garage Turnover Order, or otherwise appear and explain its action and nonaction. Garage is subject to and is accordingly sanctioned for its failure to obey the orders of the court and appear at the January 15, 2025 hearing.

2. As a first sanction, attorney fees of $1000.00 incurred by the Debtor in connection with this matter are **IMPOSED** and **CHARGED** to Garage, such amount being due and payable to Mr. Oliver at once, such compliance being deemed overdue if not paid within fourteen (14) days of the date of service of this Order.

3. Garage is **DIRECTED** and **ORDERED** to contact Mr. Oliver **IMMEDIATELY** upon service of this Order to arrange for the turnover of the Truck without delay in compliance with the Garage Turnover Order.

4. As an additional sanction, Garage is **DIRECTED** and **ORDERED** to pay the Debtor an accumulating sanction of $100.00 per day until otherwise ordered for Debtor's damages related to loss of use of the Truck; provided, however, that if within fifteen (15) days of the date this order is served, the Truck has been returned to Debtor or such alternative arrangements acceptable to the Debtor have been made, the court will consider whether waiver of this sanction is warranted.

5. **The finding of contempt may be purged by timely (i) payment of the attorney fee sanction, (ii) payment of any accumulating sanctions balance, and (iii) complete compliance with Garage Turnover Order.**

6. Counsel for the Debtor is **DIRECTED** to serve a copy of this order immediately by electronic means at the best available email address (if one is known) and by overnight commercial service mail or courier service with proof of receipt. Proof of service should be filed on the case docket as soon as practicable.

7. By the end of the day on January 31, 2025, counsel for the Debtor is directed to file a report regarding Garage's compliance or noncompliance with this and prior orders.

8. A return hearing to determine whether further contempt findings and imposition of sanctions are necessary for continuing violations of this Order, the Garage Turnover Order, and all related matters is hereby scheduled and **NOTICED** as follows:

> **DATE: Thursday, February 6, 2025**
> **TIME: 2:00 p.m.**
> **PLACE: Randy D. Doub United States Courthouse, 2nd Floor Courtroom, 150 Reade Circle, Greenville, NC 27858**

9. **Garage and its principal, Mr. Keon Jackson, are ORDERED and DIRECTED TO APPEAR before the court at the hearing noticed above, and they are HEREBY FURTHER NOTIFIED that failure to appear at the hearing and comply with all terms of this Order and the Turnover Order may result in the levying of further monetary sanctions and fines including bank account garnishment, and, upon failure to appear, possible detention of responsible persons by the United States Marshal Service for the holding, transfer and mandatory appearance before this court regarding violations of its orders.**

**END OF DOCUMENT**