IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>LEGACY ENTERPRISES OF NORTH AMERICA, LTD,<br><br>                    Debtor. | CASE NO.: 24-03477-5-JNC<br>CHAPTER 11 |

## **OBJECTION TO CONFIRMATION OF PLAN**

WBL SPO I, LLC (hereinafter "WBL"), by and through counsel, and pursuant to Rule 3020(b) of the Federal Rules of Bankruptcy Procedure, hereby objects to the confirmation of the Debtor's Plan of Reorganization (doc #s 85) and that certain Order entered herein on February 18, 2025 (doc #86), and respectfully shows as follows:

### Part A. Factual Background

1. On May 22, 2023, the Debtor executed and delivered to World Business Lenders, LLC a certain Business Promissory Note and Security Agreement (hereinafter "Note") in the principal sum of $140,000.00.

2. Contemporaneously with the execution of the Note, the Debtor executed and delivered to Netco, Inc. as Trustee a certain Deed of Trust thereby transferring legal title in and to the real property described therein and known as 105 Dan Street, Windsor, NC 27893 (hereinafter "Real Property") to the Trustee until the balance due on the Note had been paid in full.

3. The Deed of Trust was properly filed with the Register of Deeds of Bertie County, North Carolina on May 31, 2023 and recorded in Book 1017 at Page 794 of said Registry.

4. WBL thereafter acquired the Note and Deed of Trust for value and is the current owner and holder of the same.

5. On October 4, 2024, the Debtor filed a petition under Chapter 11, Subchapter V of the Bankruptcy Code.

6. On November 8, 2024, WBL timely filed a Proof of Claim in this matter in the sum of $154,172.80.

7. To date, no party in interest has objected to WBL's Proof of Claim.

### Part B. Objections to Confirmation

8. Based on the foregoing, WBL raises the following objections to confirmation of the Plan as follows:

   a. "In order for a plan of reorganization to be confirmable, the plan must satisfy the thirteen requirements set forth in Section 1129. The proponent of the plan bears the burden of proof as to introduction and persuasion that each of these requirements has been satisfied." In re Radco Props., Inc., 402 B.R. 666, 671 (Bankr. E.D.N.C. 2009). Furthermore, "the Court has an independent obligation to review the Plan to make sure that it satisfies the standards for plan confirmation in section 1129." In re Ion Media Networks, Inc., 419 B.R. 585, 598 (Bankr. S.D.N.Y. 2009); see also 11 U.S.C. § 1129(a) (The court shall confirm a plan only if all of the following requirements are met: (1)…(16)…). The Small Business Reorganization Act of 2019 modified these Rules by excepting paragraphs 1129(a)(8), (10) and (15).

   b. Pursuant to 11 U.S.C. § 1129(a)(1) and (2) and 11 U.S.C. § 1191(a), neither the Debtor's Plan nor the proponent of the Plan complies with the applicable provisions of Subchapter V. Notwithstanding the provisions of 11 U.S.C. § 506(b), the value of the Real Property which secures the claim of WBL is

2

\\Hsb-FILE\Ushare\Bankruptcy\World Business Lenders\Legacy Enterprises Of North America 24-03477\Objection To Confirmation.Docx

significantly more than the balance due WBL. Accordingly, WBL is a fully secured creditor and entitled to receive interest at the contract rate which is 36% per annum until paid. Furthermore, the Note provides a default rate of an additional ten percent should the Note be in default. The default rate had been invoked prior to the petition date.

c. The Debtor's Plan was not filed in good faith 11 U.S.C. § 1129(a)(3). In addition to the foregoing, the term of repayment as set forth in the Debtor's Plan as to the debt of WBL is significantly too long. The Debtor's Plan stated that the Note provided that WBL would be paid over a period of 155 months. This was incorrect and the Note provided for a thirty-six month repayment period. As solely a lender for commercial or business loans, neither WBL nor WBL's affiliates extend credit for longer than thirty-six (36) months.

d. The Debtor's Plan fails to satisfy the best interests of creditors' test as set forth in 11 U.S.C. § 1129(a)(7) and 11 U.S.C. § 1191(a) and (b).

e. The Debtor's Plan is not feasible and is likely to be followed by liquidation. See 11 U.S.C. § 1129(a)(11).

f. The Debtor's Plan is not fair and equitable regarding the treatment of WBL for the reasons set forth above and for additional reasons. As set forth *In re Bryson Properties, XVIII*, 961 F.2d. 496 (4th Cir. 1992), the "fair and equitable" requirement is not satisfied with respect to a secured claim unless the claimholder: (1) retains its lien; and (2) receives "deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's

3

\\Hsb-FILE\Ushare\Bankruptcy\World Business Lenders\Legacy Enterprises Of North America 24-03477\Objection To Confirmation.Docx

interest in such property." 11 U.S.C. § 1129(b) (2) (A) (i) (I)-(II) (1988). First, as to the fair and equitable requirement regarding a commercial loan, the Plan proposes a twenty(20) year term which term is clearly excessive. See *In re Shoaf*, 2012 WL 1194114, 2 (Bankr. E.D.N.C. 2012)(determining a 30 year amortization without a balloon is too long); See also *In re American Health and Human Services*, 2009 WL 35117, 1 (Bankr. E.D.N.C. 2009)("no financial institution would amortize a loan of this nature for more than twenty years, and would insist on a balloon payment at three to five years"); See also *In re Ballard*, 2013 WL 6139622, 2 (Bankr. E.D.N.C. 2013)("considering the significant damage to ... collateral securing the debt ... an interest rate of 4.8% amortized over twenty (20) years with a seven (7) year balloon does not meet confirmation requirements"). See also *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). Second, should the Court disagree that WBL is entitled to recover the contract rate of interest along with the default rate of interest, an interest rate of 5.25% is not fair and equitable.

g. The interest rate as proposed by the Debtor does not meet or comply with the law regarding the prevailing interest rate to reimburse a creditor. *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2014). As a baseline, "the court will turn to the formula approach outlined in *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S. Ct 1951, 158 L. Ed. 2d 787 (2004), to construct the appropriate interest rate. Under *Till*, the court starts with the prime rate of interest and adjusts based on risk. The appropriate size of that risk adjustment depends, of course, on such factors as circumstances of the estate, the nature of the security, and the

4

duration and feasibility of the reorganization plan. Secondary factors include the loan to value ratio and quality of the guarantors. The final rate is determined by the plan before the court at confirmation." *In re Shoaf*, 2012 WL 1194114 (Bankr. E.D.N.C. 2012) (internal citations and quotations omitted) (citing *In re Smithville Crossing, LLC*, No. 11-02573-8-JRL (Bankr. E.D.N.C. Sept. 28, 2011). At a minimum, the appropriate rate of interest plus risk factor for this type of loan is at least 11% per annum.

h. The Plan is not fair and equitable and discriminates unfairly in that it proposes an unreasonably long cure period. This could effectively require WBL to give written notice to the Debtor every month for a period of twenty (20) years.

i. The Debtor is not entitled to be discharged upon a confirmation of the Plan. Conversely, WBL asserts that the Debtor is entitled to a discharge until it has completed and honored all provisions of the Plan as confirmed. See also 11 U.S.C. § 1191(b).

j. WBL objects to the discharge of any non-debtor party in this case, pursuant to 11 U.S.C. § 524(e) and to any responsibility for fees and expenses which the Debtor may seek under 11 U.S.C. § 506(c).

k. WBL has filed a Ballot rejecting the Plan, a true copy of which is appended hereto, identified as "Exhibit 1," and the same is incorporated herein by reference.

l. WBL reserves the right to amend this Objection should it elect to do so.

WHEREFORE, WBL prays the Court as follows:

5

\\Hsb-FILE\Ushare\Bankruptcy\World Business Lenders\Legacy Enterprises Of North America 24-03477\Objection To Confirmation.Docx

1.  That the Court deny confirmation of the Debtor's Plan for the reasons set forth herein until the Plan has been amended to resolve WBL's issues raised herein;

2.  That the Court hold a hearing on this matter; and

3.  For such other and further relief as the Court may deem just and proper.

This the 2nd day of April, 2025.

HUTCHENS LAW FIRM, LLP
Attorneys for WBL SPO I, LLC

By: _____
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Suite 315
Charlotte, NC 28210
Telephone: (704) 362-9255
Email: walt.pettit@hutchenslawfirm.com

6

\\Hsb-FILE\Ushare\Bankruptcy\World Business Lenders\Legacy Enterprises Of North America 24-03477\Objection To Confirmation.Docx

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

In the Matter of:  
**LEGACY ENTERPRISES OF**  
**NORTH AMERICA, LTD**  
    Debtor

Chapter 11  
Case No.: 24-03477-5-JNC

## CLASS 4 BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

The above-captioned Debtor filed a Plan of Reorganization (the "Plan") on February 17, 2025, in this case.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by **George Mason Oliver, The Law Offices of Oliver & Cheek, PLLC, PO Box 1548, New Bern, North Carolina 28563** on or before April 3, 2025, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 4 claim against the Debtor in the unpaid amount of ($154,172.80).  
(Check one box only)

[ ] ACCEPTS THE PLAN          [x] REJECTS THE PLAN

Dated: 4/2/2025

Print or type name: William Walt Pettit

Signature: _____

Title: Counsel for WBL SPO I, LLC

Company Name: Hutchens Law Firm, LLP

Address: 6230 Fairview Road, Suite 315, Charlotte, NC 20210

Phone #: 704-362-9255

RETURN THIS BALLOT TO:  
**George Mason Oliver**  
**The Law Offices of Oliver & Cheek, PLLC**  
**PO Box 1548**  
**New Bern, NC 28563**

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

LEGACY ENTERPRISES OF NORTH AMERICA, LTD,

Debtor.

CASE NO.: 24-03477-5-JNC
CHAPTER 11

## CERTIFICATE OF SERVICE

I, William Walt Pettit, as attorney of record for WBL SPO I, LLC, hereby certify that on the 2nd day of April, 2025, I served a copy of the Objection to Confirmation by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope and being addressed to each party on the attached matrix and as follows:

Legacy Enterprises of North America, LTD
809 Taylor Street
Windsor, NC 27983

George M. Oliver, Esq.
(by ECF service)

Joseph Z. Frost, Esq.
Subchapter V Trustee
(by ECF service)

Brian C. Behr, Esq.
Bankruptcy Administrator
(by ECF Services)

HUTCHENS LAW FIRM, LLP
Attorneys for WBL SPO I, LLC

By: /s/ William Walt Pettit
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Suite 315
Charlotte, NC 28210
Telephone: (704) 362-9255
Email: walt.pettit@hutchenslawfirm.com