UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| LEGACY ENTERPRISES OF NORTH AMERICA, LTD, | 24-03477-5-JNC |
| DEBTOR. | CHAPTER 11 |

### BANKRUPTCY ADMINISTRATOR'S RESPONSE TO SUBCHAPTER V PLAN OF REORGANIZATION

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), by and through undersigned counsel, and respectfully files this response to the Debtor's Subchapter V Plan of Reorganization ("Plan") filed on February 17, 2025, and, in support thereof, shows unto the Court the following:

**Background and History of the Debtor**

1. On October 4, 2024, the Debtor filed the above-captioned case under Chapter 11 of the United States Bankruptcy Code. The Debtor elected to proceed under Subchapter V of the Bankruptcy Code. John G. Rhyne ("Trustee") was appointed Subchapter V Trustee.

2. The Debtor is a C Corporation organized under the laws of Nevada with its principal operations based in Bertie County. The Debtor's business activities have focused solely on commercial trucking. The Debtor intends to satisfy its Plan obligations through continued business

3. The Debtor proposes to pay Class 11 of General Unsecured Creditors $41,000.00 pro rata at a fixed interest rate of one and one-half percent per annum over the course of ten years.

**Confirmation Pursuant to 11 U.S.C. § 1191(a)**

4.     The Court may approve a Subchapter V plan pursuant to 11 U.S.C. § 1191(a) or pursuant to 11 U.S.C. § 1191(b). Section 1191(a) provides that the "court shall confirm a plan under this subchapter *only if* all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met." Paragraph (15) relates to an individual chapter 11 case where the allowed unsecured creditors object to the plan and a disposable income requirement is triggered.

5.     As proposed, the BA is unable to determine whether the current Plan has satisfied the requirements of Sections 1129(a)(1) through 1129(a)(6); Section 1129(a)(9) through 1129(A)(14); and Section 1129(a)(16). The Court shall confirm a plan only if all the following requirements are met: 11 U.S.C. 1129(a). 1129(a)(1) states, "[t]he plan complies with the applicable provisions of this title and (2) the proponent of the plan complies with the applicable provision of this title." 11 U.S.C. §1129(a)(1) and §1129(a)(2).

**Confirmation Pursuant to 11 U.S.C. § 1191(b)**

6.     Alternatively, the plan may be confirmed under Section 1191(b) as a non-consensual plan. If the plan complies with all requirements of Section 1129(a) except paragraphs (8), (10), and (15) then the court shall confirm the plan, upon request of the debtor, if the plan does not unfairly discriminate and is fair and equitable with respect to each class of claims that is impaired and has not accepted the plan. "The proponent of the plan bears the burden of proof as to introduction and persuasion that each of these requirements has been satisfied." *In re Radco Props.*, Inc., 402 B.R. 666, 671 (Bankr. E.D.N.C. 2009).

7.     If the Debtor's Plan is confirmed pursuant to 11 U.S.C.§ 1191(b) then the Debtor must comply with 11 U.S.C. § 1191(c). 11 U.S.C. § 1191(c) requires that a debtor provide "all

projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years."

**Feasibility:**

8.  The Debtor must prove that confirmation of its Plan is not likely to be followed by the need for further liquidation or reorganization. "The question of feasibility is a question of fact in which the debtor bears the burden to show feasibility of the plan by a preponderance of the evidence." In re Wiggins Farms, Inc., 12-02651-8-RDD, 2012 WL 6059208, at *2 (Bankr. E.D.N.C. Dec. 6, 2012) citing In re Investment Co. Of Southwest, Inc. (F.H. Partners, L.P. v. Investment Co. of Southwest, Inc., Four Hills Associates, and Bank of America), 341 B.R. 298, 310 (B.A.P. 10th Cir.2006). Based on the BA's review of the Debtor's operations during the pendency of the bankruptcy proceeding, he has significant concerns that the Plan as proposed is not feasible as the Debtor does not appear to generate sufficient income to fund payments proposed under the Plan.

**Liquidation Analysis:**

9.  The Debtor should be prepared to explain the proposed liquidation analysis and provide evidence of the liquidation values attributed to the Debtor's assets and debts at the Confirmation Hearing.

**Discharge:**

10.  Discharge, as it relates to Subchapter V cases, is determined by Section 1141 for cases confirmed pursuant to Section §1191(a) and Section §1192 for cases confirmed pursuant to Section §1191(b). The Debtor has correctly included the following language regarding discharge: "Debtor will not be discharged of any debt . . . (ii) on which the last payment is due after the first 3 years of the Plan or as otherwise provided in § 1192. . .".

11. The Bankruptcy Administrator takes the position that, if confirmed pursuant to 11 U.S.C. § 1191(b), the Debtor is not eligible to receive a discharge of any claim provided for within Class 11 General Unsecured Claims, as "the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, **except any debt— (1) the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court**[.]" 11 U.S.C. § 1192. To the extent this Plan is confirmed with the proposed Class 11 treatment included, the BA requests that the Order make clear that, unsecured creditors are merely stayed from collection attempts on their full claim until such time as the Plan terminates – which shall be the earlier of five years after the effective date of the Plan or the case is dismissed.

**Vesting Provisions:**

12. As proposed the Plan indicates that all proper of the estate will vest in the Debtor upon confirmation.

13. Pursuant to 11 U.S.C. § 1186(a), if a plan is confirmed pursuant to 11 U.S.C. § 1191(b) then property of the estate does not vest pursuant to 11 U.S.C. § 1141(b) but instead remains property of the estate for the pendency of the bankruptcy case. This includes any after acquired post-confirmation assets.

14. In the present case, if the Debtor's Plan is confirmed pursuant to 11 U.S.C. § 1191(b) then the Debtor's property will not re-vest in the Debtor.

15. If the Plan if confirmed pursuant to 11 U.S.C. § 1191(b) the BA believes the case may only be closed upon completion of the Plan.

**Tax Returns:**

16. The Debtor should be prepared to present evidence regarding the filing of all required tax returns at the Confirmation hearing.

**Monthly Reports:**

17. The Debtor is current on its monthly operating reports.

18. The BA reserves the right to further amend this response prior to the hearing.

**WHEREFORE,** the Bankruptcy Administrator respectfully requests that, the Plan of Reorganization be denied until further evidence of feasibility can be presented at the Confirmation Hearing; that the Debtor address the concerns raised herein, and the Court grant such other and further relief as the court deems just and proper.

Respectfully submitted this 3rd day of April 2025.

Brian C. Behr
Bankruptcy Administrator

By: /s/ Kirstin E. Gardner
Kirstin E. Gardner
Staff Attorney
U.S. Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3882
Kirstin_gardner@nceba.uscourts.gov
State Bar No. 52144

## **CERTIFICATE OF SERVICE**

I, Kirstin E. Gardner, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document electronically upon the following:

**George Oliver**
Attorney for the Debtor

**John Rhyne**
Subchapter V Trustee

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 3rd day of April 2025.

By: /s/ Kirstin E. Gardner
Kirstin E. Gardner
Staff Attorney
U.S. Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3882
Kirstin_gardner@nceba.uscourts.gov
State Bar No. 52144