UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| Legacy Enterprises of North America, LTD, | 24-03477-5-JNC |
| DEBTOR. | CHAPTER 11 |

**MOTION TO CONVERT DEBTOR'S CASE TO CHAPTER 7, OR IN THE ALTERNATIVE, DISMISS DEBTOR'S CASE PURSUANT TO 11 U.S.C. §1112(b)**

NOW COMES the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), by and through undersigned counsel, who respectfully moves the Court for an order converting the bankruptcy case of Legacy Enterprises of North America, LTD ("Debtor") to one under Chapter 7 or, in the alternative, an order dismissing the Debtor's case pursuant to 11 U.S.C. §1112(b). In support of this motion, the BA shows unto the Court as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on October 4, 2024.

2. The Debtor operates a commercial trucking business based in Bertie County, North Carolina.

3. On February 17, 2025, the Debtor filed its plan of reorganization ("Plan") [DE #85]. Two parties filed objections to confirmation of the Debtor's Plan, creditor WBL SPO, LLC [DE #98] and the BA [DE #100]. Both objections assert that the Debtor's Plan is not feasible.

4. On April 10, 2025, the Debtor filed its monthly operating report for the month of March [DE #109], in which it states that it did not receive any income.

5. On June 13, 2025, the Debtor filed its monthly operating report for the month of April [DE #132]. The Debtor again indicated that it did not receive any income.

6. The Debtor has gone two consecutive months without any income, while it continues to incur and pay monthly operating expenses.

7. Since filing, the Debtor has struggled to maintain a profit and build up a savings cushion to help it make plan payments once its plan is confirmed. Below is a summary of the Debtor's performance since filing as evidenced by its filed monthly operating reports[1]:

|  | October | November | December | January | February | March | April |
|---|---|---|---|---|---|---|---|
| Receipts | $ 3,581.93 | $ 4,372.97 | $ 6,558.55 | $ 75.00 | $ 19,911.00 | $ - | $ - |
| Disbursements | $ 4,165.40 | $ 4,310.95 | $ 2,674.01 | $ 4,610.53 | $ 7,532.32 | $ 6,208.47 | $ 4,754.19 |
| Net | $ (583.47) | $ 62.02 | $ 3,884.54 | $ (4,535.53) | $ 12,378.68 | $ (6,208.47) | $ (4,754.19) |
| Balance | $ 685.89 | $ 748.01 | $ 4,632.55 | $ 664.47 | $ 13,043.15 | $ 6,834.68 | $ 1,980.49 |

8. Notwithstanding the Debtor's performance since filing, the projections attached to the Debtor's Plan as Exhibit D predict that the Debtor will be able to afford $4,051.99 in plan payments during the first month of the Plan, and $15,871.96 during the second month of Plan.

---

[1] This chart is a summary of information contained in DE #33, DE #40, DE #62, DE #84, DE #97, DE #109 and DE #132, which are the Debtor's monthly operating reports for October, November, and December 2024, and January, February, March, and April 2025.

9. Further, the projections predict that in the first month of the Plan, the Debtor will have a gross income of $40,000.00, and in the following four months will increase its gross income to $100,000.00.

10. It is unclear what the exponential increase in revenue within the projections is based upon.

## ARGUMENT

11. 11 U.S.C. §1112(b) allows the Court to convert the Debtor's case to one under Chapter 7 or dismiss the Debtor's case for cause.

12. Pursuant to 11 U.S.C. §1112(b)(4), "cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

*Substantial or Continuing Loss to or Diminution of the Estate and the Absence of a Reasonable Likelihood of Rehabilitation under 11 U.S.C. § 1112(b)(4)(A):*

13. There is a substantial or continuing loss to or diminution of the Debtor's estate. During the months of March and April 2025, the Debtor did not receive any income, while continuing to pay for its regular monthly operating expenses. The Debtor ends the month of April 2025 with a bank balance of $1,980.49, after paying $4,754.19 in expenses. If the Debtor does not receive any income for the month of June, it will likely end the month of June with a *negative* bank balance. Throughout the case, the Debtor has performed inconsistently, and in its most successful month, February 2025, had a net profit of $12,378.68, which brought its ending bank balance

to $13,043.15. However, the Debtor subsequently went two months without income and drained all but approximately $2,000.00 of its cash reserve.

14. There is also the absence of a reasonable likelihood of rehabilitation. The Debtor's Plan indicates that the Debtor will be required to make a total of $4,051.99 in plan payments during the first month of the Plan, and $15,871.96 during the second month of Plan. The Debtor's performance since filing its case does not support that the Debtor will be able to make either of those payments, unless the Debtor exponentially increases its revenue from $0 per month currently, to $40,000.00 in the next month, to $100,000.00 in the next four months as the Plan projections provide. While the BA understands that the Debtor has been working diligently in recovering certain freightliner trucks through its bankruptcy proceeding, and that the recovery of those trucks may result in more income, the Debtor's operating expenses will also likely increase due to the need to hire more drivers to drive the recovered trucks and fuel costs. It is unclear to the BA how the Debtor will be able to increase its monthly income within the few months once the Plan is confirmed. Further, The Debtor has been unable to generate a savings cushion to help it weather a financially slow month during the life of the Plan.

15. The BA believes that sufficient cause exists to convert the Debtor's case to one under Chapter 7 or, in the alternative, dismiss the Debtor's case.

**WHEREFORE**, the undersigned respectfully requests that the Court:

1. Schedule a hearing on this matter;
2. Convert the Debtor's case to one under Chapter 7;

3. In the alternative, Dismiss the Debtor's case; and,

4. Grant any additional relief the Court deems just and proper.

Respectfully submitted this 17th day of June, 2025.

        Brian C. Behr
        Bankruptcy Administrator

        By: s/ Kylie Beresford
        Kylie Beresford
        Staff Attorney
        Bar No. 60772
        Eastern District of North Carolina
        434 Fayetteville Street, Suite 640
        Raleigh, North Carolina 27601
        (919) 334-3885
        kylie_beresford@nceba.uscourts.gov

## **CERTIFICATE OF SERVICE**

      I, Kylie Beresford, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify; that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age. That on this day, a representative of the Bankruptcy Administrator's Office served copies of the foregoing document on the following:

George M. Oliver                                                *(via Regular Mail)*
The Law Offices of George Oliver, PLLC
P.O. Box 1548
New Bern, NC 28563

Joseph Z. Frost                                                *(via Regular Mail)*
Buckmiller & Frost, PLLC
4700 Six Forks Road, Suite 150
Raleigh, NC 27615

Legacy Enterprises of North America, LTD   *(via Regular Mail)*
809 Taylor Street
Windsor, NC 27983

I certify under penalty of perjury that the foregoing is true and correct.

        Dated 17th day of June, 2025.

                                                  Brian C. Behr
                                                  Bankruptcy Administrator

                                                  By: s/ Kylie Beresford
                                                  Kylie Beresford
                                                  Staff Attorney
                                                  Bar No. 60772
                                                  Eastern District of North Carolina
                                                  434 Fayetteville Street, Suite 640
                                                  Raleigh, North Carolina 27601
                                                  (919) 334-3885
                                                  kylie_beresford@nceba.uscourts.gov