**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| In the Matter of: | Chapter 11 |
| **LEGACY ENTERPRISES OF NORTH AMERICA, LTD** | Case No.: 24-03477-5-JNC |
| Debtor | |

**RESPONSE IN OPPOSITION TO**
**BANKRUPTCY ADMINISTRATOR'S MOTION TO CONVERT OR DISMISS**
**DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 1112(b)(4)(A)**

COMES NOW Legacy Enterprises of North America, LTD ("Debtor"), by and through undersigned counsel, and submits this Response in Opposition ("Response") to Bankruptcy Administrator's Motion to Convert or Dismiss Debtor's Case Pursuant to 11 U.S.C. § 1112(b)(4)(A) ("Motion")[D.E. 136]. In support of this Response, Debtor shows the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2. On October 4, 2024, Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

3. On February 17, 2025, Debtor filed its Plan of Reorganization (the "Plan") [D.E. 85].

4. One creditor, WBL SPO I, LLC, and the office of the Bankruptcy Administrator (office of the Bankruptcy Administrator hereinafter referred to as the "BA") have each filed an objection to confirmation of Debtor's Plan. [D.E. 98 and 100]

5. On June 17, 2025, the Motion was filed seeking to have Debtor's case converted or dismissed based largely on the BA's information and belief that Debtor is not generating sufficient income, generating a profit, or building savings. The Motion also argues that the Plan is not feasible because of Debtor's lack of income or savings.

6. The relief requested in the Motion is extraordinary and not appropriate in this case.

**Debtor's Bankruptcy**

7. On the Petition Date, Debtor estimated its gross wage income from January 1, 2024 to the Petition Date, was $40,000.00. Debtor further provided that in 2023 its annual gross income was $154,862.07, and that in 2022 its annual gross income was $742,101.02.

8. Included on the Debtor's Schedule A/B are six 2017 Freightliner trucks:

> VIN 3AKJGLDR6HDHN5808,
> VIN 3AKJGLDR4HDHN5810,
> VIN 3AKJGLDRXHDHN5813,
> VIN 3AKJGLDR8HDHN5812,
> VIN 3AKJGDR7HSHU4067, and
> VIN 3AKJGLDR8HSHU4059

(the Freightliner trucks with VINs ending in 5810, 5808, 5812, 5813, 4067, and 4059 may be referred to collectively hereinafter as the "Trucks").

9. The Trucks, which Debtor previously utilized to generate income, were seized and improperly held at two different locations [See Doc. Nos. 31, 35, 38-39]

10. It took several months to regain possession of the Trucks [See Doc. Nos. 48, 78, 101, 115]

11. Debtor's Monthly Reports more accurately reflect its gross monthly income of $0.00 - $19,911.00, which varies based on the amount of work Debtor was able to perform, and which was affected by Debtor not having possession of all of the Trucks and further effected when David Faulk, President of Debtor [Doc. No. 37], had to spend many days retrieving and performing repairs on each of the Trucks, specifically in March and April of 2025. Debtor also lost its hauling contract due to the dispute with R1 and Yankee regarding its trucks—Debtor's hauling contract when it filed the Petition was with R1 and affiliates of R1.

| Month | Receipts | Disbursements | Net |
|---|---|---|---|
| October 2024 | $3,581.93 | $4,165.40 | $583.47 |
| November 2024 | $4,372.97 | $4,310.95 | $620.02 |
| December 2024 | $6,558.55 | $2,674.01 | $4632.55 |
| January 2025 | $75.00 | $4,610.53 | $-4535.53 |
| February 2025 | $19,911.00 | $7,532.32 | $12,378.68 |
| March 2025 | $0.00 | $6,208.47 | $-6,208.47 |
| April 2025 | $0.00 | $4,754.19 | $-4,754.19 |

| | | | |
|---|---|---|---|
| May 2025 | $15,000.00 | $6,280.74 | $8,719.26 |
| 7 Month Average | $7,071.35 | $5,790.94 | $1,633.68 |

12. In 2022, when Debtor's gross annual income was $742,101.02, all of the Trucks were operating.

13. Debtor is in the process of entering into further contracts so that all Trucks can be operated again and is also seeking to have the Trucks operate from North Carolina, which Debtor anticipates will reduce expenses.

14. Debtor is also in the process of hiring additional drivers to operate its recovered Trucks.

15. Debtor's proposed Plan of Reorganization: Exhibit D Projections illustrates that once the Trucks are operating, Debtor's Plan is feasible. Such estimates a monthly surplus will occur after monthly expenses are deducted from monthly receipts.

**Argument**

16. 11 U.S.C. § 1112(b)(4)(A) defines the word "cause" to include "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

17. 11 U.S.C. § 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

18. Accordingly, "[a] party seeking to demonstrate cause under section 1112(b)(4)(A) must establish both the substantial or continuing loss' prong as well as the absence of a reasonable likelihood of rehabilitation prong. The first prong of this test generally focuses on whether the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values. Courts have held that a post-petition negative cash flow and an inability to satisfy current expenses constitute a loss to or diminution of the estate. The second prong looks to whether the debtor lacks a reasonable likelihood of reestablishing itself on a firm, sound basis. Rehabilitation does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as to put

back in good condition; re-establish on a firm, sound basis." *In re Gregory & Parker, Inc.*, No. 12-01382-8-SWH, 2013 WL 2285671, at *4 (Bankr. E.D.N.C. May 23, 2013) (internal citations and quotation marks omitted) (denying movants' motion to dismiss or convert).

19. Debtor spent numerous hours recovering the Trucks and getting them into operatable condition, all in an effort to further increase Debtor's monthly income to its Pre-Petition status. Debtor has demonstrated that when operating even one truck, it carries over a positive balance. There is no "continuing loss" or "negative cash flow" where there is a monthly surplus. Further still, this Court has previously held that operating at a loss, even over a period of several months, does not by itself meet the substantial or continuing loss prong to warrant dismissal or conversion. *In re Creech*, 538 B.R. 245 (Bankr. E.D.N.C. 2015).

20. Even during the brief period when Debtor has not been operating, it was still able to cover expenses. Debtor has further illustrated that it is capable of increasing its income, especially where it now has possession of all Trucks and is working to find contracts and employees to operate those Trucks for a profit.

21. Debtor's Plan of Reorganization is feasible. Debtor has reached consensual Plan treatment with Huntington National Bank (one of its largest creditors, and the creditor secured by most of Debtor's Trucks), and is in active discussion with WBL SPO I, LLC regarding consensual Plan treatment.

WHEREFORE, Debtor prays that the Motion be denied and for all other relief that the Court deems just and proper.

This, the 27th day of June, 2025.

<u>s/George Mason Oliver</u>
George Mason Oliver
N.C. State Bar No.: 26587
The Law Offices of
George Oliver, PLLC
PO Box 1548
New Bern, NC 28563
Tele: (252) 633-1930
Fax: (252) 633-1950
Email: george@georgeoliverlaw.com
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

I, George Mason Oliver, Post Office Box 1548, New Bern, N.C. 28560, certify:

That I am at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 27th day of June, 2025, I served copies of the foregoing pleading on the parties listed below via CM/ECF or by U.S. Mail, First Class, sufficient postage prepaid, as indicated; and

I certify under penalty of perjury that the foregoing is true and correct.

This, the 27th day of June, 2025.

s/George Mason Oliver
George Mason Oliver
N.C. State Bar No.: 26587
The Law Offices of
George Oliver, PLLC
PO Box 1548
New Bern, NC 28563
Tele: (252) 633-1930
Fax: (252) 633-1950
Email:
george@georgeoliverlaw.com
*Attorney for Debtor*

cc:
Bankruptcy Administrator                    (via CM/ECF)

Joseph Z. Frost, Esq.                       (via CM/ECF)
*Subchapter V Trustee*

Legacy Enterprises of North America, LTD   (via U.S. Mail)
809 Taylor Street
Windsor, NC 27983
*Debtor*